## Pinkley v. Pinkley.

(Decided October 9, 1913).

### Appeal from Kenton Circuit Court.

1. Divorce—Community Property—California Statute—Extra-territorial Force.—A judgment for divorce rendered in California, adjudging pursuant to the California statute, that the community property owned by the parties should be equally divided between them, has no reference to land in Kentucky which was bought by the husband fifteen years before the divorce was obtained, and which was not community property in Kentucky, the California statute defining community property having no extra-territorial force.

2. Judgment—Of California Court Pursuant to Statute of That State—Construction.—The judgment of the California court rendered pursuant to the mandate of the California statute, must be construed as referring to property to which the statute applies.

3. Title—How Title to Real Estate Regulated.—The title to real estate is regulated by laws of the State where the land lies.

B. F. GRAZIANI, HORACE W. ROOT for appellant.

FREDERICK W. SCHMITZ for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

Louise M. Pinkley brought this suit in the Kenton Circuit Court against Virgil A. Pinkley, alleging in her petition that on September 26, 1910, in the Superior Court of the county of Los Angeles, in California, a judgment was entered divorcing the plaintiff and the defendant, the judgment concluding with these words:

And it is further ordered and decreed that all the community property belonging to the plaintiff and the defendant be equally divided between them.''

She alleged that in July, 1895, the defendant had become the owner of 31 lots in Covington, Kentucky, which she described in her petition, and that he was the owner of these lots in Covington at the time of the entry of the judgment, and was still the owner of them. She also alleged that sections 146, 163, 164 and 687 of the California Civil Code are as follows:

"In case of the dissolution of the marriage by the decree of a court of competent jurisdiction the community property, and the homestead, shall be assigned as follows: If the decree be rendered on any other ground than that of adultery or extreme cruelty the community property shall be equally divided between the parties (section 146).

"All property owned by the husband before marriage, and that acquired afterwards by gift, bequest, devise or descent, with the rents, issues and profits thereof, is his separate property." (Section 163.)

"All other property acquired after marriage by either husband or wife, or both, is community property." (Section 164.)

"Community property is property acquired by husband and wife or either during marriage, when not acquired as the separate property of either." (Section 687.)

She alleged that these sections are now in full force and effect and have been at all times since the judgment was rendered; that the real estate in question was purchased by the defendant with money earned by her and the defendant during the marital relationship, and was not acquired by the defendant by gift, bequest, devise or descent; also that the divorce decree was not rendered on the ground of adultery or extreme cruelty. She prayed that the court adjudge her one-half of the lots. The court dismissed her petition; and she appeals.

It will be observed that the plaintiff's whole case rests not alone on the judgment of the California court,

but on the statutes of California. The statutes of California have no force beyond the boundaries of that State. The Legislature of California may define what shall be community property in California, but these statutes are of no force in Kentucky. In adjudging the rights of the parties in community property, the California court no doubt had in mind property in California. Land titles are governed by the law of the forum. The title to these lots is in the defendant, and in him alone. The lots are not community property under the laws of Kentucky in any sense of the word. The petition shows that the lots were bought fifteen years before the judgment for divorce, and lying in Kentucky, they are not subject to the laws of California. (Cornelius v. Browning, 10 B. M., 425; Townes v. Durbin, 3 Met., 352.)

Section 2121, Kentucky Statutes, provides:

"Upon final judgment of divorce from the bond of matrimony the parties shall be restored such property, not disposed of at the commencement of the action, as either obtained from or through the other before or during the marriage in consideration thereof."

Section 425 of the Civil Code of Practice also provides:

"Every judgment for a divorce from the bond of matrimony shall contain an order restoring any property not disposed of at the commencement of the action, which either party may have obtained, directly or indirectly, from or through the other, during marriage, in consideration or by reason thereof; and any property so obtained, without valuable consideration, shall be deemed to have been obtained by reason of marriage. The proceedings to enforce this order may be by petition of either party, specifying the property which the other has failed to restore; and the court may hear and determine the same in a summary manner, after ten days' notice to the party so failing."

Similar statutes are in force in many of the States. Those quoted from California constitute the laws of that State on the subject. When the California Court adjudged the equal division of "the community property belonging to the plaintiff and the defendant" it simply followed the mandate of the California Statutes, and as these statutes have no extra-territorial effect the natural construction of the judgment is that it refers to property which is subject to the laws of California. Probably the

clause quoted from the judgment is a general provision inserted in decrees of divorce in California in conformity to the statute, just as in this State every judgment contains an order for the restoration of property. But however this may be, the California statutory definition of community property cannot be imported into Kentucky, so as to affect the title to real estate here which must be determined by our own laws. There is nothing in the petition to show that the property in contest in any form, or the money that was put into it, was in California or subject to its laws; and, therefore, there is nothing in the case to charge the property with any trust. The allegations of the petition are too vague to show that the plaintiff is entitled to a restoration of any part of the property on the ground that the defendant obtained it directly or indirectly from or through her during the marriage or in consideration or by reason thereof.

Judgment affirmed.